ROBERT FAUCETT v. ELIAS BRYAN.

If A buys the property of B, but in his own name, A has the legal title, holding it in trust for B; and under our former system Equity would compel a conveyance from A, upon B's doing what was required of him.

When a defendant, upon the request of the plaintiff, bought in his own name, the property of the plaintiff at a sale by the United States Marshal, under an agreement that the plaintiff should have the property upon a subsequent settlement: *Held*, that the defendant was no agent of the plaintiff, but held the property in his own name until it was divested by the plaintiff's performing his part of the agreement.

CIVIL ACTION, in the nature of Trover, for the conversion of a still, &c., tried before *Kerr, J.,* at the Fall Term, 1874, of CHATHAM Superior Court.

In his complaint, the plaintiff alleged that he was the owner of a certain still, and that the defendant converted the same to his own use. The defendants answer denies the allegations of the complaint, without exception.

On the trial the following facts were established:

In June, 1870, one Black purchased of defendant his interest in the still, at the time being on a lot in Haywood, over which the plaintiff exercised ownership. At this sale, the de-

fendant informed Black, that he would not deliver the still, nor have anything to do with his getting it, as the plaintiff laid some claim to it, and he, the defendant, would have no fuss or difficulty with him, the plaintiff, about it. A short time after this, Black, went with Everett Bryan, a son of the defendant, and a colored man named Dave Cotton, and removed the still from the lot upon which it had been standing. Of this defendant had no knowledge, nor did he know of the removal of the still, until it was brought to his store, where Everett proposed to lease it, but defendant forbade it, when Black set it down in the street, a few feet from the store house of defendant, and there left it. Afterwards Everett Bryan took the still and put it over a fence into a lot, of which it was said defendant had control, although he did not own it. Everett Bryan was of full age, and not under the control of the defendant, his father. His brother, Mack Bryan, was working his father's plantation that year, and had control of the stock, &c.

The still was afterwards set up on the plantation of defendant, which was under the control of the son, and some of the fruit growing thereon was distilled. Of this, defendant was ignorant, and as soon as he heard of it, he directed the still to be removed. Black was a blacksmith and worked for defendant and others. He afterwards removed the still to Moore county.

The plaintiff, in his own behalf, testified, that he owned and used the still in 1866-'67; that he became indebted to the U. S. Revenue Department for taxes, and that the still and fixtures, the land upon which it was and some other property was sold to pay those taxes. That he had distilled for many of his neighbors, among others, the defendant, who had failed to pay him for the taxes he had to pay on their liquor, which had caused his delinquency. The day on which the still was sold by the U. S. Marshal, the defendant came to him, the plaintiff, and asked him if he had spoken to any one to befriend him at the sale. The plaintiff informed him, he had not, and told defendant, that he thought it was hard that his property should

33

be sold for the taxes he was compelled to pay for his neighbors, when they would not pay him. That defendant said, that he owed him, the plaintiff, something for distilling, and that he would then pay it. Plaintiff then proposed to defendant to buy the property, and that he would make it all right on their settlement. This was agreed to, and at the sale the defendant bought in his own name, the still, land, &c., for $63.

In March, 1867, the plaintiff went to defendant's house to settle; that they attempted to settle, but owing to some disagreement and the anger of the defendant, the attempt failed. That upon a settlement, the defendant would probably owe him about five dollars. The property bid off by defendant, remained in the possession of the plaintiff until the still was removed. Some of it was consumed by plaintiff.

The Court instructed the jury, amongst other things, that if the defendant bid off the property of the plaintiff at the sale, at his request, and under the circumstances deposed to by the plaintiff, then he became his agent, and his acts at the sale, enured to the benefit of the plaintiff. That the sale to Black was illegal, and rendered defendant equally liable with Black in the conversion of the property. That his refusal to deliver the still and his subsequent action did not relieve him, the defendant, from responsibility.

The jury returned a verdict for the plaintiff. Motion for a new trial; motion overruled. Judgment and appeal by defandant.

*Howze, Tourgee* and *Gregory*, for appellant.
*Battle & Son*, contra.

READE, J. Under the old system, if A bought property for B, but in his own name, A had the legal title; but he held it in trust for B, and equity would compel a conveyance, upon B's doing whatever equity required of him. The principles are the same under the new system; but the remedies are all embraced in one action. So that, if it be true as alleged by the

plaintiff, that the defendant bought the property for the plaintiff, but in his own name, it would not vest the title in the plaintiff, but in the defendant, subject to be divested upon the plaintiff's doing whatever equity might require him to do. If that were not so, see what might be the hardship upon the defendant. The plaintiff's property is about to be sold by the sheriff for debt. The defendant says to plaintiff, "I owe you $100, and I would be very glad to befriend you." "Very well," says the plaintiff, "buy the property, and we will make it all right on a settlement." The defendant buys the property and pays $500 for it, in his own name. Now, under the old system, the defendant would have the legal title, and the plaintiff would have an equity to call for the legal title upon his paying to the defendant $400. Can it be that it is reversed under the new system, and that the title instantly vests in the plaintiff, and the defendant is driven to his action for reimbursement of his $400? There is no such change; but the rule is the same as heretofore.

We do not agree with his Honor that the transaction testified to by the plaintiff constituted the defendant the agent of the plaintiff to buy the property for him, and that the title vested immediately in him. On the contrary, we are of the opinion that the proper construction is that the defendant was to buy it for himself, and in his own name, but to be subsequently transferred to the plaintiff upon an adjustment of their accounts.

Our conclusion is that the plaintiff is not entitled to recover the property until he accounts with the defendant. If there is nothing due the defendant, then the plaintiff is entitled to recover the property. If there is anything due the defendant then the plaintiff will be entitled to recover the property upon his paying what is due. The equitable as well as the legal rights of the parties being administered in this action.

When the terms of a contract are *ascertained*, its construction is for the Court. When not ascertained, it has to be left to the jury with instructions. It is not necessary for us to

decide whether the terms were so ascertained as that his Honor could construe it, or whether he ought to have left it to the jury; because if we take the contract to be in the very words of the plaintiff, we think his Honor misconstrued it, and we should have to give a new trial; and if he ought to have left it to the jury, but did not, the result must be the same.

PER CURIAM.                              *Venire de novo.*